# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES T. O' CONNOR | § | |
| | § | |
| V. | § | CASE NO. 4:06MC31 |
| | § | (Judge Schneider/Judge Bush) |
| INTERNAL REVENUE SERVICE, | § | |
| IRS Revenue Officer, FRED WILLIAMS | § | |
| and Acting Group Manager, MELVIN | § | |
| SCHWARTZ | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's " Petition to Quash Third Party Summonses" (Docket No. 1) and Defendants' Motion to Dismiss (Docket No. 7). After considering the motions, the Court finds the petition to quash should be DENIED and the motion to dismiss should be GRANTED. All other relief sought should be DENIED.

### Facts

The Internal Revenue Service (" IRS") issued a Form 2039 Summons to the Bank of America located in Los Angeles, California in furtherance of an investigation into the tax collection liability of James T. O' Connor for the years ending on December 31, 1999, 2000, 2001, and 2002. Revenue Officer Fred Williams issued the summons and Revenue Officer Melvin Schwartz approved the summons. Thereafter, Plaintiff filed a " Petition to Quash Third Party Summonses" against the IRS alleging he was not properly notified and that the summons fails to meet the minimum requirements for enforcement. The IRS filed the motion to dismiss on the grounds that the action is barred by sovereign immunity, the Court lacks jurisdiction, and the petition fails to state a claim for which relief may be granted.

## Analysis

Plaintiff alleges the IRS summons failed to meet the "*Powell* Requirements." To obtain a judicial enforcement of a summons, the IRS must establish: i) the investigation is being conducted for a legitimate purpose; ii) the inquiry may be relevant to that purpose; iii) the information sought is not already in the IRS's possession; and iv) the administrative steps required by the IRS have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

The Court finds the *Powell* requirements were met. As stated in Williams's declaration, the legitimate purpose of the summons is to determine the petitioner's current ability to pay his outstanding tax liabilities for 1999, 2000, 2001, and 2002. The information sought–the financial records of Plaintiff's Bank of America account--is relevant to the legitimate purpose of determining whether Plaintiff can pay his outstanding tax liabilities. Also, according to Williams's declaration, the IRS is not already in possession of the requested information. (Williams's Decl. ¶ 8). Finally, all administrative steps have been followed. (Williams's Decl. ¶ 9). Revenue agents are delegated authority to issue summonses to third parties with approval of their supervisors. IRS Delegation Order No. 4 (Rev. 23) (08-16-2002, ¶ ¶ (8) & (9)). Here, the summons in question was signed by both the revenue officer and his supervisor. (Williams's Decl. ¶ 3, Schwartz's Decl. ¶ 2).

Plaintiff also argues he was not given requisite notice. The summons was issued in aid of the collection of Plaintiff's assessed tax liabilities, therefore, no notice was required. *See* 26 U.S.C. § 7609(c)(2)(D). Based on the foregoing, Plaintiff's "Petition to Quash Third Party Summonses" should be DENIED.

Further, the government asserts several insufficiencies in Plaintiff's petition which also

warrant complete dismissal of the present action.  Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint.  Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint; abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007).

First, Plaintiff has named the IRS as a defendant.  The IRS is not an entity subject to suit. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Castleberry v. Alcohol Tobacco & Firearms Division*, 530 F.2d 672, 673 n.3 (5th Cir. 1976).   Therefore, the proper party in a proceeding to quash an IRS summons is the United States of America.  Title 26 of United States Code Section 7609(b)(2) provides for proceedings to quash an IRS summons to be brought against the United States for purposes of waiving sovereign immunity.  Section 7609(c) defines the types of summonses that can be challenged under section 7609(b)(2) and expressly excepts certain summonses.  Section 7609(b)(2) does not apply to any summons issued in aid of collection.  *See* 26 U.S.C. § 7609(c)(2)(D).  Because section 7609(b) is not applicable here and Plaintiff cannot point to any other grounds which the sovereign consents to the lawsuit, the Court finds the action is barred by the sovereign immunity of the United States.

Moreover, jurisdiction to hear and to determine a taxpayer's petition to quash rests with " [t]he United States district court for the district within which the person to be summoned resides or is found…."  26 U.S.C. § 7609(h)(1).  There is a sound rationale for this limitation of

jurisdiction. *Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984).  Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party record keeper and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be answered. *Id*. at 987-88.  Here, the summoned party, the Bank of America in Los Angeles, California, neither resides nor is found in the Eastern District of Texas.  Therefore, this Court lacks jurisdiction over this petition.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Plaintiff's " Petition to Quash Third Party Summonses" should be DENIED and the United States's Motion to Dismiss should be GRANTED.  Any additional relief sought by Plaintiff should be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of June, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE